Justice Souter,
with whom Justice Breyer joins,
concurring.
I agree with the Court that Jessica Gonzales has shown no violation of an interest protected by the Fourteenth Amendment’s Due Process Clause, and I join the Court’s opinion. The Court emphasizes the traditional public focus of law enforcement as reason to doubt that these particular legal requirements to provide police services, however unconditional their form, presuppose enforceable individual rights to a certain level of police protection. Ante, at 764-765. The *770 Court also notes that the terms of the Colorado statute involved here recognize and preserve the traditional discretion afforded law enforcement officers. Ante, at 760-764, and n. 8. Gonzales’s claim of a property right thus runs up against police discretion in the face of an individual demand to enforce, and discretion to ignore an individual instruction not to enforce (because, say, of a domestic reconciliation); no one would argue that the beneficiary of a Colorado order like the one here would be authorized to control a court’s contempt power or order the police to refrain from arresting. These considerations argue against inferring any guarantee of a level of protection or safety that could be understood as the object of a “legitimate claim of entitlement,” Board of Regents of State Colleges v. Roth, 408 U. S. 564, 577 (1972), in the nature of property arising under Colorado law.* Consequently, the classic predicate for federal due process protection of interests under state law is missing.
Gonzales implicitly recognizes this, when she makes the following argument:
“Ms. Gonzales alleges that... she was denied the process laid out in the statute. The police did not consider her request in a timely fashion, but instead repeatedly required her to call the station over several hours. The statute promised a process by which her restraining order would be given vitality through careful and prompt consideration of an enforcement request .... Denial of that process drained all of the value from her property interest in the restraining order.” Brief for Respondent 10.
The argument is unconventional because the state-law benefit for which it claims federal procedural protection is itself a variety of procedural regulation, a set of rules to be followed by officers exercising the State’s executive power: use *771 all reasonable means to enforce, arrest upon demonstrable probable cause, get a warrant, and so on, see ante, at 751-752.
When her argument is understood as unconventional in this sense, a further reason appears for rejecting its call to apply Roth, a reason that would apply even if the statutory mandates to the police were absolute, leaving the police with no discretion when the beneficiary of a protective order insists upon its enforcement. The Due Process Clause extends procedural protection to guard against unfair deprivation by state officials of substantive state-law property rights or entitlements; the federal process protects the property created by state law. But Gonzales claims a property interest in a state-mandated process in and of itself. This argument is at odds with the rule that “[p]rocess is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement.” Olim v. Wakinekona, 461 U. S. 238, 250 (1983); see also Doe v. District of Columbia, 93 F. 3d 861, 868 (CADC 1996) (per curiam); Doe v. Milwaukee County, 903 F. 2d 499, 502-503 (CA7 1990). In putting to rest the notion that the scope of an otherwise discernible property interest could be limited by related state-law procedures, this Court observed that “[t]he categories of substance and procedure are distinct. . . . ‘Property’ cannot be defined by the procedures provided for its deprivation.” Cleveland Bd. of Ed. v. Loudermill, 470 U. S. 532, 541 (1985). Just as a State cannot diminish a property right, once conferred, by attaching less than generous procedure to its deprivation, ibid., neither does a State create a property right merely by ordaining beneficial procedure unconnected to some articula-ble substantive guarantee. This is not to say that state rules of executive procedure may not provide significant reasons to infer an articulable property right meant to be protected; but it is to say that we have not identified property *772 with procedure as such. State rules of executive procedure, however important, may be nothing more than rules of executive procedure.
Thus, in every instance of property recognized by this Court as calling for federal procedural protection, the property has been distinguishable from the procedural obligations imposed on state officials to protect it. Whether welfare benefits, Goldberg v. Kelly, 397 U. S. 254 (1970), attendance at public schools, Goss v. Lopez, 419 U. S. 565 (1975), utility services, Memphis Light, Gas & Water Div. v. Craft, 436 U. S. 1 (1978), public employment, Perry v. Sindermann, 408 U. S. 593 (1972), professional licenses, Barry v. Barchi, 443 U. S. 55 (1979), and so on, the property interest recognized in our cases has always existed apart from state procedural protection before the Court has recognized a constitutional claim to protection by federal process. To accede to Gonzales’s argument would therefore work a sea change in the scope of federal due process, for she seeks federal process as a substitute simply for state process. (And she seeks damages under Rev. Stat. § 1979, 42 U. S. C. § 1983, for denial of process to which she claimed a federal right.) There is no articulable distinction between the object of Gonzales’s asserted entitlement and the process she desires in order to protect her entitlement; both amount to certain steps to be taken by the police to protect her family and herself. Gonzales’s claim would thus take us beyond Roth or any other recognized theory of Fourteenth Amendment due process, by collapsing the distinction between property protected and the process that protects it, and would federalize every mandatory state-law direction to executive officers whose performance on the job can be vitally significant to individuals affected.
The procedural directions involved here are just that. They presuppose no enforceable substantive entitlement, and Roth does not raise them to federally enforceable status in the name of due process.

Gonzales does not claim to have a protected liberty interest.